970 So.2d 1211 (2007)
CITY OF OPELOUSAS
v.
OPELOUSAS MUNICIPAL CIVIL SERVICE COMMISSION, et al.
No. 07-684.
Court of Appeal of Louisiana, Third Circuit.
November 21, 2007.
Rehearing Denied December 28, 2007.
*1212 Pride J. Doran, Williams & Doran, PLLC, Lafayette, LA, for Plaintiff/Appellant, City of Opelousas.
Philip E. Roberts, Roy, Bivins, Judice, Roberts & Wartelle, APLC, Lafayette, LA, for Defendant/Appellee, Ron Turner, Margaret Doucet, Ken Vidrine.
G. Douglas Dean, Dean Law Offices, Opelousas, LA, for Defendant/Appellee, Opelousas Municipal Civil Service Commission.
Daniel M. Landry, III, Lafayette, LA, for Defendant/Appellee, Frances Carron.
Barbara W. Thomas, Civil Service Director, Opelousas, LA.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and J. DAVID PAINTER, Judges.
GLENN B. GREMILLION, Judge.
This appeal is consolidated with Carron v. City of Opelousas, 07-506 (La.App. 3 Cir. 11/21/07), 970 So.2d 1205, 2007 WL 4119180. In the instant case, City of Opelousas v. Opelousas Municipal Civil Service Commission, Frances Carron, Ron Turner, Margaret Doucet, Ken Vidrine, and Barbara Thomas, the City of Opelousas filed a Petition for issuance of temporary restraining order, preliminary and permanent injunction, and for declaratory judgment. The City requested that a TRO be ordered to halt the scheduled hearing of the Opelousas Civil Service Commission regarding Carron's appeal. The trial court denied the TRO and the Commission convened and reinstated Carron's employment. Carron and other city employees filed exceptions of lack of subject matter jurisdiction, no cause of action, and res judicata urging that the District Court did not have jurisdiction to proceed regarding the declaratory judgment, and preliminary and permanent injunctions.[1] The trial granted the defendants' exceptions because it found that it did not have jurisdiction over the matter. The City now appeals.
This day we have rendered a decision in the Carron case. Based on that decision, for the reasons set forth therein, we reverse the trial court and remand for proceedings consistent with that decision.
REVERSED AND REMANDED.
NOTES
[1] The other employees include Ron Turner, Margaret Doucet, Ken Vidrine, and Barbara Thomas.